United States District Court
For The District of Rhode Island

Joseph Morris, et al
V.
Anthony Travisono, et al

C.A. No's - 4192,
5280

Richard Paiva, et al
V.
Ashbel Wall, et al

In Re: 17-mc-14-M

## Motion To Alter Judgment; Or in the alternative, for Reconsideration

Now comes the plaintiff, Richard Paiva, and respectfully moves this Honorable Court to alter it's judgment entered in a letter, dated 3/10/17, rejecting the plaintiff's motion for further relief; or in the alternative, for reconsideration.

Honorable Judge John J. McConnell Jr., affirmed Magistrate Judge Lincoln D. Almond's decision (letter dated, 1/26/17) to reject the plaintiff's filing of a "Motion for Further Relief".

Plaintiff is seeking relief, pursuant to 28 U.S.C. 2202, to redress the D.O.C.'s violation of the permanent injunction entered in this Courts judgment of 4/20/72, which was affirmed by

the first circuit, by terminating the morris rules.

28 U.S.C. 2202 reads "Further necessary or proper relief based on a declaratory judgment or decree may be granted... against any adverse party whose rights have been determined by such judgment."

The plaintiff meets all the above criteria for the court to intervene and rule on the merits of plaintiff's motion for further relief. See "Appeal of magistrate's Decision", page 1 and 2, the plaintiff's rights were declared in the judgment entered on 4/20/72.

And in Judge McConnell's letter, dated 3/10/17, he also ruled that the plaintiff's motion lacks standing.

Wherefore, in light of the fact that plaintiff's motion for further relief meets the criteria for relief pursuant to 28 U.S.C. 2202, and due to the attached supplemental declaration of mr. Paiva, which shows actual injury in fact, caused by the defendants (by terminating the morris Rules), which is redressable by the court. see Sprint Communications Co., L.P. v. APCC Services, Inc., 554 U.S. 269, 273, 128 S.Ct. 2531, 2535 (2008), Plaintiff respectfully asks the court to Alter its Judgment; or in the alternative, for reconsideration in allowing his motion for further relief to be ruled on its merit.

(2)

Respectfully submitted,

Richard Paiva

Richard Paiva, pro se
ACI-Maximum Security
P.O. Box 8273
Cranston, RI 02920

### Certification

I hereby certify that I sent a true copy of the within, via interdepartmental mail, on this 15th day of March, 2017, to the following:

Ashbel Wall
40 Howard Avenue
Cranston, RI 02920

Richard Paiva

Richard Paiva, pro se

(3)

United States District Court
For The District of Rhode Island

Joseph Morris, et al
  v.                            C.A. NO's - 4192,
Anthony Travisono, et al              5280.

Richard Paiva, et al         In Re: 17-mc-14-M
  v.
Ashbel Wall, et al

<u>Supplemental Declaration of Richard Paiva, incorporated into his motion for Further Relief</u>

I, Richard Paiva, under the pains and penalties of perjury, do hereby attest to the truthfulness and accuracy of the following statements:

1. I was brought to a disciplinary hearing on eight (8) occasions in the past three (3) year period, in which there was not a three (3) member board, which is required as part of the "Morris Rules", but instead, A single "Hearing Officer" conducted all of my disciplinary hearings.

2. On 12/11/2015, I was given 45 days of punitive segregation, which violates the "Morris Rules" provision that I am not to be subjected to more than 30 days for a single infraction.

3. On 5/26/2016, I was given 60 days of punitive segregation (also for a single booking), which violates the "Morris Rules" provision that I am not to be subjected to more than 30 days for a single infraction.

4. On 1/28/2015, my outgoing mail was opened and read, and I was booked and given 20 days in punitive segregation, and 10 days loss of all privileges (because I sent out some legal papers for another inmate who had no postage to send them out for himself), which violated the "Morris Rules" provision that all outgoing inmate mail shall not be opened or read.

5. These foregoing facts show that I have been harmed by the non-court approved changes in the Morris Rules.

6. This declaration shall be incorporated with my "Motion for Further Relief".

(2)

Signed under the pains and penalties of perjury on this 15th day of March, 2017.

Respectfully submitted,

Richard Paiva

Richard Paiva, pro se
ACI - Maximum Security
P.O. Box 8273
Cranston, RI
02920

(3)

Richard Paiva, 86429
P.O. Box 8273
Cranston, RI
02920

U.S. District Court
Attn: Judge John J. McConnell Jr.
One Exchange Terrace
Providence, RI 02903