## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**RICHARD PAIVA**                      :
     *Plaintiff*                  :
                           :
       **v.**                        :         **C.A. 17-14-JJM**
                           :
**RHODE ISLAND DEPARTMENT OF**      :
**CORRECTIONS**                    :
     *Defendants*

## DEFENDANT'S RESPONSE PURSUANT TO THIS COURT'S MANDATE OF DECEMBER 27, 2018

     The Defendant is filing the instant response pursuant to this Court's order dated December 27, 2018, concerning Richard Paiva's submission and motion for further relief.

     Plaintiff has filed for relief (contempt) relying on a 1972 consent decree which established regulations governing disciplinary, classification and mail procedures at the Adult Correctional Institutions, the so called "Morris Rules." *See Morris v. Travisono*, 373 F. Supp. 177, (D. R.I. 1974). In 1975 the United States Court of Appeals for the First Circuit affirmed this court's injunction imposed on prison officials from suspending the Morris Rules. *Morris v. Travisono,* 509 F.2d 1358 (1ˢᵗ Cir. 1975). Plaintiff alleges that the Department of Corrections has, without this Court's consent, enacted new policies pertaining to inmate classification and discipline. *See* Plaintiff's motion for further relief, Pgs. 7-15; that in doing so, the Department has terminated the Morris Rules in violation of the permanent injunction. *id*. at 7.  In support of his motion, Plaintiff cites to several provisions from the Department's classification and disciplinary policies and compares them to the provisions of the *Morris Rules*. Plaintiff does not allege that he has been in any way harmed by the alleged policy revisions.

This Honorable Court has recently addressed the jurisdictional issues concerning the Morris Rules.   In *Pona v. Weeden*, this Court adopted the report and recommendation issued by U.S. Magistrate Judge Patricia A. Sullivan on June 29, 2017. *Pona v. Weeden,* No. 16-612S, 2017 U.S. Dist. LEXIS 121093, at *11 (D.R.I. June 29, 2017) (Sullivan, Mag. J.), report and recommendation adopted No. 16-612 S, 2017 U.S. Dist. LEXIS 120544 (D.R.I. Aug. 1, 2017). The Court pointed out that the Morris Rules were initially drafted by this Court in 1970 as part of an interim decree in settlement for a conditions suit brought by a number of inmates at the ACI; that the Rules were promulgated pursuant to the Rhode Island Administrative Procedures Act; that due to the ACI suspending the Morris Rules following a riot, this Court entered an injunction against prison officials prohibiting further suspensions.  Id. at 6-7, *citing Morris v. Travisono*, 373 F. Supp. 177, 185 (D.R.I. 1974), aff'd 509 F.2d 1358 (1st Cir. 1975).  The First Circuit in upholding the imposition of the injunction noted that it was inappropriate to restrict prison officials to make a wide range of decisions that do not reach a Constitutional dimension and that "not all changes in the Morris Rules should require [the Court's] approval." *Id*. at 1362.

In *Pona*, Magistrate Judge Sullivan noted that the running of state detention facilities and the imposition of discipline are state functions only subject to Federal authority when "paramount federal constitutional or statutory rights supervene."  R&R P. 7, *citing Cugini v. Ventetuolo*, 781 F. Supp. 107, 114 (D.R.I.).  Moreover, this Court has held that prisoners seeking enforcement of the Morris Rules or claims alleging that they have been violated belong in state court due to their promulgation under state law and that this Court lacks jurisdiction over the same. *Id.*, citing *Doctor v. Wall*, 143 F. Supp. 2d 203, 206-08 (D.R.I. 2001).

Furthermore, Magistrate Sullivan correctly pointed out in *Pona*, that the Eleventh Amendment to the United States Constitution,

2

"precludes federal courts from determining whether state officers have failed to comply with state law. Id. at 551. Equally important is *L'Heureux's* focus on the long line of post-Morris decisions issued by the United States Supreme Court, which make clear that the Morris Rules are not grounded in the requirements of the Constitution. Id. at 551-52 ("the director of the DOC had unfettered discretion in making classification determinations and . . . as a consequence no protected liberty interest in such classification determinations existed. A Fourteenth Amendment liberty interest we held "arises only when a state places substantive limits on official discretion . . . .") (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) and other decisions). This Court must defer to *L'Heureux's* interpretation of Rhode Island law as excluding internal ACI rule-making, classification and disciplinary proceedings from the scope of the APA. 708 A.2d at 553. Similarly, this Court must defer to the *L'Heureux* holding that, absent a constitutional or statutory liberty interest, the Morris Rules are not enforceable as a matter of state administrative procedure. 708 A.2d at 552-53.

*Pona*, No. 16-612S, 2017 U.S. Dist. LEXIS 121093, at *11.

Moreover, the Unites States Court of Appeals for the First Circuit in *Heon v. Vose*, No. 95-2137, August 12, 1996, acknowledged that a prisoner cannot rely on the *Morris Rules*, to assert the existence of a state created liberty interest protected under the United States Constitution. *See* attached, *Heon v. Vose*, No. 95-2137, August 12, 1996. The First Circuit in *Heon* held that since the United States Supreme Court holding in *Sandin v Connor*, 115 S. Ct. 2293 (1995), a prisoner must demonstrate that prison officials imposed an "'atypical and significant hardship . . . . in relation to the ordinary incidents of prison life'", to demonstrate a protected Liberty interest. *id*. at 2300. Thus the question of whether the 1975 *Morris* injunction remains in effect is essentially moot due to the subsequent United States Supreme Court precedent. The Department has made revisions to its internal classification and disciplinary policies in executing its state function of operating a prison. Plaintiff has failed to show, or state a claim, that these internal policy revisions resulted in some type of harm rising to a constitutional dimension or the imposition of an "atypical and significant hardship".

Accordingly, this Court has properly held that it does not maintain jurisdiction over

*Morris Rules* claims including the Plaintiff's claim relative to the 1975 *Morris* injunction.

Supreme Court precedent has revised the analysis utilized in determining whether State

regulations give rise to a protected Liberty interest.

<div style="margin-left:40%;">

R.I. DEPARTMENT OF CORRECTIONS,
By its Attorney,

/s/ Michael B. Grant

_____
Michael B. Grant, Esquire (#3864)
R.I Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
TEL: (401) 462-0145
FAX: (401) 462-2583

</div>

## **CERTIFICATION**

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.  On 1/28/19, I have also caused a copy to be mailed to:

Richard Lee Paiva, pro se
ACI – High Security Center
P.O. Box 8200
Cranston, RI  02920

_____