United States District Court
For The District of Rhode Island

Richard Paiva

V.                              C.A. No. 17-014-JJM

R.I. Dept. of Corrections

## Reply To Defendant's Supplemental Memorandum

The plaintiff hereby replies to and opposes defendants supplemental memorandum, dated March 13, 2019.

A. The Morris Rules were in fact part of the District Court's consent decree, entered on April 20, 1972.

The District Court clearly has jurisdiction to issue further relief, pursuant to 28 U.S.C 2202, and/or to issue contempt sanctions, pursuant to 18 U.S.C. 401, for the blatant violations of this Honorable Court's permanent injunction issued in Morris v. Travisono, 373 F. Supp. 177, 185 (DRI 1974) ("ordered... That the defendants... are enjoined from suspending the (Morris Rules) attached to and

incorporated in the judgment entered in this matter on April 20, 1972").

The permanent injunction was affirmed by the First Circuit Court of Appeals in Morris v. Travisono, 509 F.2d 1358, 1361 (1st Cir. 1975) ("while the consent decree called for enforcement of the Morris Rules under state law... the contention that the Morris Rules themselves may be eliminated under state law is without merit... Defendants cannot unilaterally order the elimination of rights determined in federal courts simply because the consent decree was to be enforced through state machinery.") (quoted by Cugini v. Ventetuolo, 781 F.Supp. 107, 112 (DRI 1992)).

Defendants reliance on Doctor v. Wall, 143 F.Supp. 2d 203 (DRI 2001), is invalid, and any argument made by the defendant that this court should continue to rely on its prior holding in Doctor, that the Morris Rules were not "integrated into any decree of this court.", Id. at 205, should be disregarded.

(2)

The Morris Rules were clearly integrated into the April 20, 1972 consent decree. See Morris v. Travisono, 373 F.Supp. 177, 185 (DRI 1974); and Morris v. Travisono, 509 F.2d 1358, 1359 (1st Cir. 1975).

Jurisdiction is properly invoked in this Court due to the fact that the Morris Rules were clearly incorporated in this Court's consent decree, dated April 20, 1972. See Baella-Silva v. Hulsey, 454 F.3d 5, 10 (1st Cir. 2006) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380, 381 (1994)); Pramco, LLC v. San Juan Bay Marina, 435 F.3d 51, 54 (1st Cir. 2006); F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 449 F.3d 185, 189-190 (1st Cir. 2006); McDermott v. Wilson, 2016 WL 554777, at *1-2 (D. Mass. Feb. 10, 2016); and also see Peacock v. Thomas, 516 U.S. 349, 354 (1996).

Federal Courts are not reduced to issuing injunctions against state officers and hoping for compliance. Once issued, an injunction may be enforced. Hutto v. Finney, 437 U.S. 678 (1978).

(3)

Defendants have repeatedly thumbed their nose at the District Court over the decades since the inception of the Morris Rules. They knew full well of the risk of violating the permanent injunction. The Court has the power and authority to issue contempt sanctions against the defendant to enforce its judgments, orders, commands, and decrees. See 18 U.S.C. 401; and _Angio Dynamics, Inc. v. Biolitec AG_, 823 F.3d 1, 7 (1st Cir. 2016)

As shown above, the Morris Rules were clearly incorporated into this Honorable Court's consent decree, entered on April 20, 1972, and are enforceable in this Court.

Furthermore, defendants reliance on _Sandin v. Conner_, 515 U.S. 472 (1995), is misplaced and without merit. This is not a section 1983 action, but rather, it is a "motion for further relief; motion for contempt" of an injunction. The review is different.

B. The Morris Rules are not "state law", as defendants claim.

(4)

the defendants Eleventh Amendment Argument is also misplaced and has no merit. First, plaintiff's "motion for further relief; motion for contempt" was filed against defendant Ashbel Wall, not against the state itself. Plaintiff's said motion clearly named Ashbel Wall as the defendant. see Docket entries #2 and 4. On remand, the case caption was mistakenly changed to name the RIDOC as the defendant. If anything, the case caption should have been changed to reflect the current Director of the RI DOC, Patricia Coyne-Fague. This is simply an error.

Second, the Morris Rules are clearly not RI state law as the defendants claim. Only the state legislature can enact state laws, and there are no valid, current state laws that include the Morris Rules. While the enforcement aspect of the Morris Rules was originally meant to be dealt with by state machinery, in particular, the state's Administrative Procedures Act (APA), RIGL 42-35-1, and 42-35-3(a), they are not per se "state law". The RI Supreme Court in L'Heureux v. State DOC, 708 A.2d 549 (1998),

(5)

made it clear that the Morris Rules were wrongly promulgated under the APA, *Id.* at 552 ("The parties to Morris I had no power to amend the statutory law of the State of Rhode Island").

Importantly, the consent decree reads in pertinent part: "Defendants agree to ... incorporate (the Morris Rules) into a new inmate guide..."; and RIGL 42-56-10(22) reads in pertinent part: "Make and promulgate necessary rules and regulations... regarding... discipline..."

Thus, the court should consider ordering further relief by commanding the defendants to re-promulgate the Morris Rules back into RIDOC policies, like they agreed to.

There has not been any State nor Federal court decision that has ever invalidated or terminated the Morris Rules, and as such, are still in effect. In fact, in 1980, Judge Pettine reaffirmed the vitality of the Morris Rules in *Morris IV*, 499 F.Supp. 149 (DRI 1980); and the RI Supreme Court stated in *L'Heureux*, at 550, that "The rules

(6)

promulgated pursuant to Morris IV are still in effect at the ACI...", and Id. at 552, "the Morris Rules which constitute a federal construct, enforced eventually by a permanent injunction in Morris IV, are binding upon the DOC and are enforceable for violation of such rules by contempt proceedings in the Federal District Court."

It should be noted that the case that defendants cite to and rely on, Cugini v. Ventetuolo, 781 F.Supp. 107 (DRI 1992) predates the L'Heureux holding that the Morris Rules are no longer enforced under the APA.

## Conclusion

The U.S. Supreme Court, and First Circuit cases cited above (all of which postdate Cugini) have repeatedly ruled that District Courts do have jurisdiction to enforce settlements/consent decrees, when the terms of the settlement/consent decree is incorporated in the Court's order, as is clearly the case here. Therefore, plaintiff respectfully moves this Honorable

(7)

Court to grant his "Motion for Further Relief; Motion For Contempt."

Respectfully submitted,

*Richard Paiva*

Richard Paiva, pro se
ACI-High Security
P.O. Box 8200
Cranston, RI
02920

## Certification

I hereby certify that I sent a true copy of the within, on this 18th day of March, 2019, to the following:

Michael Grant, Esq.
40 Howard Avenue
Cranston, RI
02920

*Richard Paiva*
Richard Paiva,
pro se

(8)

Richard Paiva, 86429
P.O. Box 8200
Cranston, RI
02920

PROVIDENCE RI 028
19 MAR 2019 PM 3 L

U.S. District Court
One Exchange Terrace
Providence, RI
02903

02903-177999