UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JOSEPH MORRIS, individually and on behalf of** All other similarly situated | : : : |
| v. | : C.A. 69-cv-4192-JJM : |
| **PATRICIA COYNE-FAGUE, in her capacity as the** Director of the State of Rhode Island Department of Corrections, successor to ANTHONY TRAVISONO | : : : : |
| **RICHARD PAIVA** *Plaintiff* | : : : |
| v. | : C.A. 17-MC-00014-JJM : |
| **RHODE ISLAND DEPARTMENT OF CORRECTIONS** *Defendants* | : : : |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO CONDUCT LIMITED POST-JUDGMENT DISCOVERY

The Defendant is filing the instant objection to Plaintiff's motion to conduct post-judgment discovery, as and for the reasons proffered in the accompanying memorandum.

R.I. DEPARTMENT OF CORRECTIONS,
By its Attorney,

*/s/ Michael B. Grant*

Michael B. Grant, Esquire (#3864)
R.I Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
TEL: (401) 462-0145
FAX: (401) 462-2583

## **CERTIFICATION**

I hereby certify that on 1/21/20 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.

/S/ *Michael B. Grant*
_____
Michael B. Grant #3864

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JOSEPH MORRIS**, individually and on behalf of All other similarly situated : | |
| : | |
| v.            : | C.A. 69-cv-4192-JJM |
| : | |
| **PATRICIA COYNE-FAGUE**, in her capacity as the Director of the State of Rhode Island Department of Corrections, successor to **ANTHONY TRAVISONO**   : | |

| | |
|---|---|
| **RICHARD PAIVA**      : | |
|     *Plaintiff*       : | |
| : | |
| v.            : | C.A. 17-MC-00014-JJM |
| : | |
| **RHODE ISLAND DEPARTMENT OF CORRECTIONS**    : | |
|     *Defendants* | |

### DEFENDANT'S MEMORANDUM

Plaintiff class representative, Mr. Paiva, has moved for leave to conduct discovery relative to his pending motion to adjudge Defendant in contempt. Plaintiff seeks leave to conduct discovery concerning the details of "RIDOC's formal abandonment of key requirements of the Morris Rules, imposed upon RIDOC by permanent injunction, *Morris v. Travisono*, 373 F.Supp. 177 (D.R.I. 1974), *aff'd*, 509 F.2d 1358 (1st Cir. 1975), and its widespread and longstanding adverse impact upon members of the Plaintiff' class." *See* ECF 66 at 2. Plaintiff later in the motion details what the class considers to be the "key requirements of the Morris Rules" that were abandoned as: 1. disciplinary hearings conducted by a three-member hearing board, and 2. the limitation of 30 days disciplinary confinement sanction for any one (1) infraction. *Id*. Finally, Plaintiff requests that the Defendant be limited to ten (10) calendar days to respond to discovery in the event the instant motion is granted. *Id.* at 3.

3

Defendant objects on several grounds. First, the longstanding precedent of this Honorable Court supports its lack of jurisdiction to entertain alleged violations/contempt of the Morris Rules. In *Cugini v. Venteluolo*, 781 F.Supp. 107, 108 (D.R.I. 1992) (Lagueux, J.) the inmate filed a motion to adjudge the RIDOC in contempt because it denied him access to minimum/work release status in violation of the Morris Rules. After reviewing the Morris Rules history and observing that the "Morris Rules have force and effect of state law," *id*. at 112 (citing *Rodi*, 941 F.2d at 26-27), Judge Lagueux observed:

> [w]hereas 'access to the district court has been, and remains, available to a party seeking to establish what in the Morris Rules is *now constitutionally necessary and what is not*,' *Morris III*, 509 F.2d at 1362, *an inmate alleging only violations of the classification procedures should be relegated to state court*. *This Court concludes, therefore, that state prisoner actions alleging violations of the Morris rules or seeking enforcement of those rules properly belong in state court because the rules were promulgated under state law and were meant to be dealt with by state machinery*.

*Id*. at 112-13. Because 'Cugini has not brought a justiciable federal claim before this Court,' the RIDOC's motion to dismiss was granted. *Id*. at 114 (emphases added). This decision comports with a subsequent Court of Appeals' decision. *See Lother v. Vose*, 89 F.3d 823 (1st Cir. 1996) (unpublished) ("both the Morris rules and the Rhode Island Administrative Procedures Act are state laws, the alleged violation of either, in and of itself, is not a sufficient predicate to sustain a damage action under federal law. Complaints of such violations therefore should be directed to state court.").

In another case, Judge Lagueux adopted a report and recommendation dismissing another inmate's motion to adjudge the RIDOC in contempt. In relevant part, Judge Lagueux explained:

> [i]t should be clear from this Court's decision in *Cugini v. Ventetuolo,* 781 F.Supp. 107 (D.R.I.1992) that an inmate at the Adult Correctional Institutions (ACI) does not have a cause of action in this District Court for contempt against personnel of the Rhode Island Department of Corrections for an alleged violation of the Morris Rules. *This is so because the Morris Rules are not contained in or part*

4

> *of a decree issued by this Court. The Morris Rules were regulations adopted by the Rhode Island Department of Corrections under the Rhode Island Administrative Procedures Act pursuant to an agreement with the inmate class in the Morris case. Judge Pettine attached a copy of the Morris Rules to his Order in Morris IV so that the text of those Rules would be published and the terms thereof known to all, but the rules were not integrated into any decree of this Court.* In that case, Judge Pettine ordered that the *Morris* Rules remain in effect at the ACI, pursuant to the agreement of the parties in the *Morris* case. But, those Rules are *state* rules and regulations that govern the conduct of classification and disciplinary proceedings at the ACI, and are to be enforced, if at all, by state machinery.

*Doctor v. Wall*, 143 F. Supp. 2d 203, 204 (D.R.I. 2001) (first emphasis added, second emphasis in original).

Respectfully, even this Court has determined that an inmate who brings an action pursuant to 42 U.S.C. § 1983 alleging that the RIDOC "illegally abolish[ed] the [Morris Rules]" had "failed to set forth a justiciable federal question to establish subject matter jurisdiction." *Akinrinola v. Wall*, 2016 WL 6462203 * 1 (D.R.I. 2016) (McConnell, J.). In doing so, this Court explained:

> it is well established that complaints rooted in violations of the Morris Rules must be brought in state court. *Lother v. Vose*, 89 F.3d 823 (Table) (1st Cir. 1996). While the Morris Rules remain in effect, 'those Rules are state rules and regulations that govern the conduct of classification and disciplinary proceedings at the ACI, and are to be enforced, if at all, by state machinery.' *Doctor v. Wall*, 143 F.Supp. 2d 203, 204 (D.R.I. 2001).

*Id.*[1] Later this Court explained:

---

[1] As made clear, *supra*, "the fact that the Morris Rules were promulgated in consequence of a consent decree lacks decretory significance," *Rodi*, 941 F.2d at 27, and "the Morris rules and the Rhode Island Administrative Procedures Act are state laws." *Lother*, 89 F.3d at 823. In the absence of a specific abrogation by Congress or consent or waiver by Rhode Island, the Morris Rules are unenforceable against the State under the Eleventh Amendment. Under the Eleventh Amendment, this Court lacks jurisdiction to determine whether RIDOC has failed to comply with state law. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). And, moreover, the Rhode Island Supreme Court has made clear that issues surrounding compliance with the APA may not be reviewed in federal court as violative of the 11th Amendment. *See Jefferson v. Moran*, 479 A.2d 734 (R.I. 1984). Since the State has

5

> [a] defendant may state a viable claim for violation of the Morris Rules in federal court, but he '*must make an allegation of a federal constitutional violation and bring an action under 42 U.S.C. § 1983 in order to be heard in this Court*.' *Doctor*, 143 F.Supp. 2d at 205. Principles of due process, however, will not be implicated unless the punishment in segregation causes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandlin v. Conner*, 515 U.S. 472, 484 (1995).

*Akinrinola*, 2016 WL 6462203 * 2 (emphasis added). *See also Lother,* 89 F.3d 823 (Table) (1st Cir. 1996) ("the Morris rules and the Rhode Island Administrative Procedure Acts are state laws"); *Pona*, 2017 WL 3279012 * 5 (D.R.I. 2017) (Sullivan, M.J.) ("At bottom, the cases from this Court are clear: this Court lacks subject matter jurisdiction over alleged violations of the Morris Rules, whether brought as a motion for contempt or as a § 1983 claim").

Accordingly, this Court lacking jurisdiction to entertain an application for contempt of the Morris Rules, leads to the conclusion that the Plaintiff is not entitled to engage in discovery relative to their contempt allegations.

Secondly, Plaintiff's reliance on Fed. R. Civ. P. 69(a)(2) is misplaced. The United States Court of Appeals for the First Circuit has held that Fed. R. Civ. P. 69(a) only applies to the execution of a money judgment. *United States v. Timilty,* 148 F.3d 1, 4-5 (1st Cir. 1998). *See also Ziino v. Baker*, 613 F.3d 1326, 1328 (11th Cir. 2010). Accordingly, Rule 69 has no application of the instant contempt matter.

Third, although Plaintiff urges that "in order to effectively and urgently represent the interests of the class members currently believe to be subjected to lengthy (more than 30 days) and debilitating disciplinary confinement", Plaintiff has moved to limit Defendant's time to respond to interrogatory 5 to ten (10) calendar days. *See* ECF 66 at 2. The discovery sought by

---

neither waived its 11th Amendment immunity through the APA or through the Morris Rules, this Court lacks subject-matter jurisdiction.

Plaintiff relative to the identities of class members currently serving disciplinary confinement sanctions greater than thirty (30) days will not in and of itself lead to admissible evidence or be supportive of a violation of Federal law thus invoking the jurisdiction of this Court. Judge Pettine, in an "Addendum to Opinion and Order," elucidated:

> *[c]onstitutional strictures* rightfully limit the scope of the Court's intervention in disciplinary, classification and mail procedures for inmates at the 'ACI.' *Only a claim of constitutional dimension can actuate this Court's jurisdiction*; however, this is not always subject to simple solution. *Therefore, realizing that in a prison setting prison officials 'must be free to make a wide range of decisions' without the coercive fear of violating the Court's injunctive restrictions; that the failure to identify the unusual case markedly departing from the minimal procedures established by this Court may well be caused by a misinterpretation or lack of understanding of the true nature of the case and the constitutional problems involved; that not all changes in the 'Morris Rules' should require the approval of this Court*, I shall submit to these litigants for consideration and comment, prior to promulgation as a court order, a procedural guideline and suggested format for the changing or modification of the Rules by the prison officials without first seeking the sanction of this Court. *Morris v. Travisono*, 373 F. Supp. 177, 185.

As such, the Morris Rules themselves and the injunctive relief issued by the this Court concerns "only '…unusual case[s], involving marked departure [from the 'Morris Rules'] which might give rise to a supportable claim of constitutional deprivation." *Id*. at 184-85.

Disciplinary confinement sanctions in excess of thirty (30) days do not state a Federal or Constitutional claim that invokes the jurisdiction of this Court. This Honorable Court has stated that "[t]o implicate a liberty interest protected by the Due Process Clause, placement in disciplinary confinement for one (1) year by itself is not sufficient to implicate a liberty interest. *Benbow v. Weeden*, 2013 U.S. Dist. LEXIS 109690, at *8 (D.R.I. July 10, 2013). This Court explained that because plaintiff failed to allege "plausible facts permitting the inference that his year of disciplinary segregation constituted the loss of a liberty interest under *Sandin v. Conner*, 515 U.S. 472, 480 (1995), the due process allegations based on disciplinary confinement should be dismissed for failure to state a claim." *Id.*

Nor does Plaintiff raise a claim of Constitution dimension when alleging that a single superior officer presides over disciplinary hearings. The Constitution does not require a three-member disciplinary board and the Federal Courts have never required the same. The Supreme Court's decision in *Wolff v. McDonnell,* 418 U.S. 539 (1974), detailed the process that is due to inmates facing discipline. Inmates are to receive notice of the charges and the opportunity to be heard.

Additionally, based on the allegations proffered in this matter, there is absolutely no authority or justification to support limiting Defendant to ten (10) days in which to provide the desired information. The information sought, premised on a speculative claim that there may be class members serving debilitating disciplinary confinement terms, will require Defendants to engage in an extensive and exhausting review of voluminous departmental records. Given the State resources that will be required to provide the information sought, mandating a period of ten (10) days to provide the same violates fundamental fairness and would be overburdening.

In the event this Honorable Court is inclined to allow discovery, Defendant urges that it be allowed at least sixty (60) days to serve its answers or objections to said interrogatories.

## **CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that Plaintiff's motion be denied.

                                             R.I. DEPARTMENT OF CORRECTIONS,
                                             By its Attorney,

                                             /s/ Michael B. Grant
                                             _____
                                             Michael B. Grant, Esquire (#3864)
                                             R.I Department of Corrections
                                             40 Howard Avenue
                                             Cranston, Rhode Island 02920
                                             TEL: (401) 462-0145
                                             FAX: (401) 462-2583