UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD LEE PAIVA,<br>    Plaintiff, | : | |
| | : | |
| v. | : | No. 17-mc-00014-JJM-PAS |
| | : | |
| RHODE ISLAND DEPARTMENT OF<br>CORRECTIONS,<br>    Defendant. | : | |
| | : | |
| **In re Motion of Non-Party Bryan Sevegny<br>Seeking Enforcement of Judgment** | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion filed *pro se* by Non-Party Bryan Sevegny seeking to enforce a judgment of the Court pursuant to Fed. Rs. Civ. P. 70 and 71. ECF No. 89. Mr. Sevegny has focused on an Order of this Court that issued on January 28, 2020, in which the Court directed the "[Rhode Island Department of Corrections ("RIDOC")] to reinstate the Morris Rules as its disciplinary policy in their entirety and without modification within thirty [days] of this Order." Paiva v. Rhode Island Dep't of Corr., 498 F. Supp. 3d 277, 287 (D.R.I. 2020). He alleges that he is an inmate in RIDOC's custody who was disciplined in August 2021 and that RIDOC's policies and procedures in place as of that time did not comply with that Order; he asks the Court promptly to conduct an evidentiary hearing regarding the motion.

Mr. Sevegny apparently is unaware that, less than two weeks after it issued the January 28, 2020, Order, the Court issued a *second* Order, staying the first Order "until further order of this Court." Morris v. Travisano, 69-cv-4192-JJM (D.R.I. Feb. 7, 2020), ECF No. 4 at 1. His confusion may have arisen because there are two "related" cases (whose dockets are linked)

addressing the Morris Rules. The first case is Morris, 69-cv-4192-JJM; the second case is this case, Paiva v. RIDOC, 17-mc-00014-JJM. The first Order was entered in Paiva as ECF No. 71. The second Order staying the first was entered in Morris on February 7, 2020, as ECF No. 4. The stay was reiterated by a Text Order in Morris that issued on September 3, 2020.

The stay of the Morris Rules remains in full force and effect. Since the stay entered, another RIDOC inmate has asked the Court to hold RIDOC in contempt because of its failure to reinstate the Morris Rules and that motion was denied because the Court lacks jurisdiction to consider a contempt motion by a non-party. Paiva, 17-mc-00014-JJM, Text Order of Mar. 19, 2020. The Court has also rejected both damage actions and claims for injunctive relief based on the Morris Rules. See Tefft v. Coyne-Fague, C.A. No. 21-124-JJM, 2021 WL 5824331, at *2 (D.R.I. Dec. 8, 2021) ("'the First Circuit found no state created liberty interest in the Morris Rules and therefore no right to enforce them in a damages action under federal law'") (quoting Paiva, 498 F. Supp. 3d at 282 n.9); Sevegny v. Coyne-Fague, 19-cv-00498-MSM, Text Order of Sept. 11, 2020 ("Morris Rules [cannot] be enforced by an individual damages action . . . and because 'inmates may not bring individual section 1983 actions for injunctive or declaratory relief which are based on consent decree violations'") (quoting Lother v. Vose, 89 F.3d 823 (1st Cir. 1996), 1996 WL 345958, at *1 (1st Cir. June 25, 1996) (per curiam)). RIDOC has asked the Court to deny Mr. Sevegny's motion for the same reason, as well as based on the reality that the Court's stay means that RIDOC was not required to reinstate the Morris Rules. Paiva, 17-mc-00014-JJM, ECF No. 90.

RIDOC's objection to Mr. Sevegny's motion is well founded. To the extent that Mr. Sevegny, a non-party, seeks to hold RIDOC in contempt or seeks damages and/or injunctive or declaratory relief, this Court lacks jurisdiction and the motion must be denied. See Tefft, 2021

WL 5824331, at *2; <u>Sevegny</u>, 19-cv-00498-MSM, Text Order of Sept. 11, 2020; <u>Paiva</u>, 17-mc-00014-JJM, Text Order of Mar. 19, 2020.  In any event, the motion should be denied because, due to the stay, RIDOC was not required to follow the Morris Rules in August 2021, at the time of Mr. Sevegny's discipline, and is still not required to follow them as of this writing.  Based on the foregoing, I recommend that the Court deny Mr. Sevegny's motion and that the accompanying application for leave to proceed *in forma pauperis* (ECF No. 89-1) be denied as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 21, 2021